IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

RODNEY JEROME MILES      )
                          )
          Plaintiff,      )
                          )
     v.                   )
                          )        CV 323-048
MS. HILLMAN; MS. JACKSON; and  )
MS. GARMAN,                )
                          )
          Defendants.     )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Baldwin State Prison in Hardwick, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 3), and this action be **DISMISSED** without prejudice.

## I.    BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II.    DISCUSSION

### A.    Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed as frivolous or for failure to state a claim and count as strikes: (1) Miles v. Anthony, No. 1:22-CV-3805-MHC-LTW (N.D. Ga., Oct. 26, 2022) (dismissing complaint at screening for failure to state a claim); (2) Miles v. Jenkins Corr. Facility, CV 622-069 (S.D. Ga. Jan. 9, 2023) (same); and (3) Miles v. Baldwin State Prison, CV 322-185 (S.D. Ga. Feb. 3, 2023) (same). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B.    Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves

as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).

Relevant to the imminent danger exception, Plaintiff alleges in August or September 2022

Defendant Hillman ordered inmates to "try" Plaintiff when he did not follow her commands.

(Doc. no. 1, p. 5.)  At an unspecified point, Defendants Hillman and Garman also ordered

inmates "try" Plaintiff, slandered him, and "ran a scam on [his] name."  (Id.)

Plaintiff's allegations do not demonstrate "'a present imminent danger.'"  Daker v.

United States, 787 F. App'x 678, 681 (11th Cir. 2019) (per curiam) (citing Brown v. Johnson,

387 F.3d 1344, 1349 (11th Cir. 2004)).  "In the [prison] setting, a risk of harm to some degree

always exists by the nature of its being a [prison]."  Purcell ex rel. Estate of Morgan v. Toombs

Cnty., Ga., 400 F.3d 1313, 1323 (11th Cir. 2005).  However, general or conclusory allegations

are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of

ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of

imminent serious physical injury."  Sutton v. Dist. Attorney's Office, 334 F. App'x 278, 279

(11th Cir. 2009) (per curiam) (citation omitted).  Plaintiff's vague allegations are insufficient

to show any specific threat against him. Further, whatever danger Plaintiff is attempting to

show is not imminent but occurred nine months ago.  See Odum v. Bryan Cnty, Judicial

Circuit, No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific

allegations grounded in specific facts indicating injury is imminent).  Plaintiff fails to

demonstrate he should be excused from paying the full filing fee under the "imminent danger"

exception to § 1915(g)'s three strike rule.

C.     **The Case Should Also Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History**

The form complaint on which Plaintiff submitted his claims, "Inmate Form for Civil Action," requires, *inter alia*, that prisoner plaintiffs disclose whether they have ever begun or are now beginning other lawsuits in federal or state courts dealing with the same facts involved in this action or related to their imprisonment.  (Doc. no. 1, p. 2.)  If so, plaintiffs are to list the parties, nature, and disposition of the lawsuit.  (Id. at 3.)  If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper.  (Id. at 2.)

Here, in response to these questions, Plaintiff disclosed only one prior case, CV 622-069.  (Id.)  However, as listed previously, Plaintiff has also filed two other federal lawsuits related to his imprisonment.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint.  In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy.  In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho.  As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Strickland v. United States, 739 F. App'x 587, 587-88 (11th Cir. 2018) (*per curiam*) (affirming dismissal of complaint based on failure to disclose eight habeas petitions filed in district court); Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223,

226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by*, Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id. The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*).

Plaintiff's failure to disclose his prior cases discussed above was a blatantly dishonest representation of his prior litigation history. Therefore, even if Plaintiff were permitted to proceed IFP, the case should be dismissed without prejudice as a sanction for the dishonesty.

III.   **CONCLUSION**

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g). Thus, he fails to demonstrate that he should be excused from paying the full filing fee. Furthermore, even if Plaintiff were allowed to proceed IFP, the case should be dismissed because he has abused the judicial process by providing dishonest information about his filing history. Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 3), and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 6th day of July, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA